FILED
APR 2 9 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 12-CR-20545 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | |
| D-3 Mark A. Hopkins, | Offense:  18 U.S.C. § 371 – Conspiracy to Commit a Federal Crime |
| Defendant. | |
| | Maximum Penalty: 5 Years Incarceration |
| | Mandatory Minimum Penalty: none |
| | Maximum Fine: $250,000.00 |
| | Supervised Release: Up to Three Years |
| | (Class D Felony) |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

MARK A. HOPKINS and the government agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to Count One of the Second

Superseding Information, which charges Conspiracy to Commit a Federal

Crime, in violation of 18 U.S.C. § 371.

B.     **Elements of Offense**

The elements of Count One are as follows:

(1)     That two or more persons agreed to commit a federal crime, as charged in the Second Superseding Information;

(2)     That Defendant MARK A. HOPKINS was a party to that agreement;

(3)     That Defendant MARK A. HOPKINS joined the agreement or conspiracy knowing of its objective to commit a federal crime and intending to join together with at least one other conspirator to achieve that objective; that is, that Defendant MARK A. HOPKINS and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit a federal crime;  and

(4)     That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

C.     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

2

By and between March 2009 and November 2012 as charged in the Second Superseding Information, a federal felony offense against the United States was committed in the Eastern District of Michigan and elsewhere, specifically conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i)-(ii), 1956(a)(3), and/or 1957.

Defendant MARK A. HOPKINS had knowledge that two or more persons agreed to commit the federal crime of money laundering, as described in the Second Superseding Information.

Defendant MARK A. HOPKINS was a member of that agreement, and joined that conspiracy knowing of its objective to commit money laundering. Defendant MARK A. HOPKINS intended to join together with at least one other conspirator to achieve the objective of the conspiracy; that is, that Defendant MARK A. HOPKINS and his co-conspirators shared a unity of purpose and the intent to achieve a common goal or objective, to launder monetary instruments or to engage in monetary transactions in property derived from specified unlawful activity.

At some time during the existence of the conspiracy, co-conspirators Mark Jouett Apsey, Martin Grenier, NM, and/or Defendant MARK A. HOPKINS performed one or more overt acts in order to further the objective of the agreement.

3

Defendant MARK A. HOPKINS knew that the monies involved in the financial transactions were the proceeds of some form of unlawful activity, and he conspired to conduct financial transactions which in fact involved the proceeds of specified unlawful activity. Defendant MARK A. HOPKINS intended to promote the conspiracy's goal of carrying on specified unlawful activity, and knew that the transactions in which he participated were designed, in whole or in part, to conceal or disguise the criminal nature of the monies, the source of the funds, the ownership of the proceeds, or the control over the monies. Defendant MARK A. HOPKINS was involved in laundering approximately Three Million One Hundred Thousand Dollars ($3,100,000.00) as part of the conspiracy.

Specifically, on or about June 3, 2009, as part of the conspiracy to commit money laundering, Mark Jouett Apsey caused Four Hundred Thirty-Six Thousand Twenty-Eight Dollars and Eighty-Five Cents ($436,028.85) in U.S. currency funds to be transferred via wire transaction into the lawyer trust account of Defendant MARK A. HOPKINS in Illinois, a place inside the United States, specifically Chase Bank Account Number XXXXX2563, from a place outside of the United States, namely Account Number XXX8131 in the name of IT Data Marketing, Inc. at Union Bancaire Privee, Naussau, Bahamas.

On or about June 4, 2009, as part of the conspiracy, Defendant MARK A. HOPKINS transferred the $436,028.85 in U.S. currency funds (which originated in

4

the Bahamas) from his lawyer trust account (Chase Bank Account Number XXXXX2563), into the business bank account of co-conspirator NM (Chase Bank Account Number XXXXX2824); co-conspirator NM then withdrew approximately Ninety-Nine Thousand Five Hundred Dollars in U. S. currency funds ($99,500.00) from Chase Bank in Detroit, Michigan on or about June 5, 2009 in the form of: (a) a Cashier's Check payable to JPC in the amount of Ninety Thousand Dollars ($90,000.00); and (b) Nine Thousand Five Hundred Dollars ($9,500.00) in cash, an amount just under the $10,000 currency transaction reporting requirement threshold.

On or about June 5, 2009, as part of the conspiracy, Mark Jouett Apsey and Martin Grenier instructed co-conspirator NM to transport Cashier's Checks to Toronto, Ontario, Canada, specifically Mark Jouett Apsey provided co-conspirator NM with a Cashier's Check in the amount of Seventy Thousand Dollars ($70,000.00) and instructed co-conspirator NM to drive the Cashier's Check to Toronto, Ontario, Canada, and Martin Grenier instructed co-conspirator NM to purchase a the Cashier's Check in the amount of Ninety-Thousand Dollars ($90,000.00) payable to JPC at Chase Bank in Detroit and then transport the Cashier's Check to Toronto, Ontario, Canada.

On or about June 5, 2009, MARK A. HOPKINS traveled to Toronto, Ontario, Canada with the intent to meet co-conspirator NM in Canada and then travel together with co-conspirator NM through Canada into New York.

2.    **Sentencing Guidelines**

    A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the parties recommend that the defendant's guideline range is **37-46 months**, as set forth on the attached worksheets. If the Court finds:

        1.  That defendant's criminal history category is higher than reflected on the attached worksheets, or

        2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 37-46 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous

6

sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.      **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.      **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.      **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court may impose a term of supervised release on Count One of the Second Superseding Information of up to three years.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

7

C.   **Special Assessment**

Defendant will pay a special assessment of $100.00 and must provide the government with a receipt for the payment before sentence is imposed.

D.   **Fine**

There is no agreement as to fines.

E.   **Restitution**

Restitution is not applicable to this case.

F.   **Forfeiture**

Defendant MARK A. HOPKINS agrees not to contest the forfeiture of Three Hundred Sixty-Five Thousand Four Hundred Forty Dollars ($365,440.00) in United States Currency, seized at the Detroit Metropolitan Airport on or about April 28, 2009 by agents of the United States Drug Enforcement Administration, which is the defendant *in rem* in the parallel civil forfeiture proceeding captioned United States v. $365,400.00 in U.S. Currency, Case No. 09-CV-13564 (Hon. Bernard A. Friedman).

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

8

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J). Defendant also expressly waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

4.   **Cooperation Agreement**

Any comparably captioned, written cooperation agreement between defendant and the government in this matter, entered into on this same date and filed under seal, is part of this plea agreement.  Such document may or may not exist.

5.   **Waiver of Right to DNA Testing**

Defendant waives any right he has to move for an order requiring the DNA testing of evidence that was secured in relation to the investigation or prosecution of this case.

6.   **Use of Withdrawn Guilty Plea**

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), Defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement

9

made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

7.      **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case as to Defendant MARK A. HOPKINS at the time of sentencing.

8.      **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

9.      **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction. If the defendant's sentence does not exceed 37-46 months, the defendant also waives any right he may have to appeal his sentence.

10.     **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

11.     **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

12.     **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time

11

before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

**13.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on April 11, 2014. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

/

/

/

/

12

BARBARA L. McQUADE
United States Attorney


_____              _____
David M. Gardey                               Julie A. Beck / Rita E. Foley
Assistant United States Attorney              Assistant United States Attorneys
Chief, Drug Task Force Unit


Date: 04-02-2014


By signing below, defendant acknowledges that he has read (or has been read) this
entire document, understands it, and agrees to its terms. Defendant also
acknowledges that he satisfied with his attorney's advice and representation.
Defendant agrees that he has had a full and complete opportunity to confer with his
lawyer, and has had all of his questions answered by his lawyer.


_____              _____
Jonathan M. Epstein, Esq.                     Defendant MARK A. HOPKINS


Date: 4/29/14


13

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 2X1.1(a) | Conspiracy - level 28 for underlying offense | 28 |
| | Underlying offense level 24 calculated as follows: | |
| | 2S1.1(a)(2) base offense for money laundering = 8 | |
| | 2S1.1(a)(2), 2B1.1(b)(1)(J) > $2.5M but < $7M = +18 | |
| | 2S1.1(b)(2)(B) - § 1956 money laundering = +2 | |
| | | |
| | | |

**2.    ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 3B1.2(a) | Mitigating Role - minimal participant | -4 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

**3.   ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

<div style="border:1px solid">24</div>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



A-2

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

# WORKSHEET B (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**

B-1

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

6. **INCREASE IN OFFENSE LEVEL**
    1 unit ⟶  no increase          2 1/2 – 3 units ⟶  add 3 levels
    1 1/2 units ⟶ add 1 level      3 1/2 – 5 units ⟶  add 4 levels
    2 units ⟶ add 2 levels         > 5 levels ⟶ add 5 levels

7. **ADJUSTED OFFENSE LEVEL OF GROUP**
   **WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

   

B-2

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): March 31, 2009

## 1.    PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                                     **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                     **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                     **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

2:12-cr-20545-BAF-LJM   Doc # 57   Filed 04/29/14   Pg 19 of 26   Pg ID 199

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date**** | **Points** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

**4.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

**0**

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

**I**

C-3

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

# WORKSHEET D (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> **24**

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

> **-3**

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> **21**

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.   Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> **I**

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a.    Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b.    Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.    GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> **37-46**
> months

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

D-2

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

   [×]    1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ]    2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ]    3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

   [ ]    1. At least 1 year but not more than 5 years (total offense level ≥ 6)

         2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE** (U.S.S.G. § 5C1.1(C)(2), (D)(2))

   [×]   a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ]   b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT** (U.S.S.G. CH. 5, PT. C)

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

4.  **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.  <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.  <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐      1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒      2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐      3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐      4.  The statute of conviction requires a minimum term of supervised release of _____ years.

    c.  Conditions of Supervised Release (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.  **RESTITUTION (U.S.S.G. § 5E1.1)**

☐      1.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐      2.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

☐  3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐  4.  The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒  5.  Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

   a.  Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $7,500 | $75,000 |

E-3

| Defendant: | Mark A. Hopkins | Count: | One - 2SS Information |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 U.S.C. § 371 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00     .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.       [ ] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev. 07/13

E-4