UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 12-CR-20545 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | |
| | Offense: 18 U.S.C. §§ 1952, 2 – Aiding and Abetting Interstate Travel or Transportation in Aid of Racketeering Enterprises |
| D-1 Mark Jouett Apsey, a.k.a. "Jay Apsey," a.k.a. "Jay," a.k.a. "Mark Jovett Apsey," Defendant. | |
| | Maximum Penalty: 5 Years Incarceration Mandatory Minimum Penalty: none Maximum Fine: $250,000.00 Supervised Release: Three Years Maximum (Class D Felony) |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant MARK JOUETT APSEY, a.k.a. "Jay Apsey," a.k.a. "Jay," and the government agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to Count Five of the First Superseding Indictment, which charges Interstate and Foreign Travel or

Transportation in Aid of Racketeering Enterprises, Aiding and Abetting, in violation of 18 U.S.C. §§ 1952(a)(1), 1952(a)(3), and 2.

B.   **Elements of Offense**

The elements of Count Five are as follows:

First, that the defendant caused another to travel in interstate commerce;

Second, that the defendant did so with the intent to distribute the proceeds of any unlawful activity or to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, here the laundering of monetary instruments, in violation of 18 U.S.C. § 1956; and

Third, that the defendant later performed or attempted to perform an act in furtherance of the distribution of the proceeds of an unlawful activity, or an act to promote, manage, establish, carry on, or to facilitate the promotion, management, establishment, or carrying on, of an unlawful activity.

C.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

On or about February 19, 2010, Defendant MARK JOUETT APSEY, while himself located in the Eastern District of Michigan, did knowingly cause another – an armored car service. - to travel in interstate commerce.  The defendant directed a co-conspirator to package for shipment, by armored car and common carrier, Seven

2

Hundred Twenty-Four Thousand Dollars ($724,000.00) in United States Currency.

Defendant MARK JOUETT APSEY caused the armored car service to collect the

$724,000.00 from a check cashing business located in Detroit, Michigan for

transportation and shipment across state lines via Federal Express to Scottsdale,

Arizona.  Defendant MARK JOUETT APSEY caused the armored car service to

transport the currency across state lines with the intent to distribute the cash

proceeds of unlawful activity, specifically money laundering in violation of Title 18

of the United States Code.   Further, Defendant MARK JOUETT APSEY caused

the collection and shipment of the $724,000.00 in cash with the intent to promote,

manage, establish, carry on, or facilitate the promotion, management, establishment,

or carrying on, of unlawful activity, specifically the laundering of the proceeds of

specified unlawful activity in violation of Title 18 of the United States Code,

Section 1956.

Defendant MARK JOUETT APSEY knew that the currency he caused to be

transported across state lines constituted the proceeds of the laundering of specified

unlawful activity at the time Defendant APSEY caused the armored car service to

pick up the currency from the check cashing business.

Defendant MARK JOUETT APSEY later performed or attempted to perform

an act in furtherance of the distribution of the proceeds of an unlawful activity, or

an act to promote, manage, establish, carry on, or to facilitate the promotion,

3

management, establishment, or carrying on, of an unlawful activity.  On or about

March 25, 2010, Defendant MARK JOUETT APSEY caused the shipment of an

additional Two Hundred Thousand Dollars ($200,000.00) in United States Currency

from the check cashing business in Detroit across state lines to Los Angeles,

California via armored car service and Federal Express, knowing that the currency

he caused to be transported across state lines constituted the proceeds of the

laundering of specified unlawful activity, in violation 18 U.S.C. § 1956, and he did

so with the intent to further the distribution of the proceeds of, or facilitate the

promotion, management, establishment, or carrying on of, an unlawful activity, all

in violation of 18 U.S.C. §§ 1952(a)(1), 1952(a)(3), 2.

2.   **Sentencing Guidelines**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.   **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the

parties recommend that the defendant's guideline range is 60 months, as set forth on

the attached worksheets. If the Court finds:

> 1.  That defendant's criminal history category is higher than reflected
>     on the attached worksheets, or

4

2:12-cr-20545-BAF-LJM   Doc # 62   Filed 05/06/14   Pg 5 of 24   Pg ID 215

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 60 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.   **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court may impose a term of supervised release on Count Four of up to three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of $100.00 and must provide the government with a receipt for the payment before sentence is imposed.

D.   **Fine**

There is no agreement as to fines.

E.   **Restitution**

Restitution is not applicable to this case.

F.   **Forfeiture**

Defendant MARK JOUETT APSEY agrees not to contest the forfeiture of Three Hundred Sixty-Five Thousand Four Hundred Forty Dollars

6

($365,440.00) in United States Currency, seized at the Detroit Metropolitan Airport on or about April 28, 2009 by agents of the United States Drug Enforcement Administration, which is the defendant *in rem* in the parallel civil forfeiture proceeding captioned <u>United States v. $365,400.00 in U.S. Currency</u>, Case No. 09-CV-13564 (Hon. Bernard A. Friedman). Defendant agrees to execute a stipulated consent judgment in the civil forfeiture proceeding, forfeiting his right, title and interest in the currency to the United States.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J). Defendant also expressly waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

7

4.     **Waiver of Right to DNA Testing**

Defendant waives any right he has to move for an order requiring the DNA testing of evidence that was secured in relation to the investigation or prosecution of this case.

5.     **Use of Withdrawn Guilty Plea**

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), Defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6.     **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case as to Defendant MARK JOUETT APSEY.

7.     **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this

8

circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

8.     **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction. If the defendant's sentence does not exceed 60 months, the defendant also waives any right he may have to appeal his sentence.

9.     **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Attorney's Office for the Eastern District of

Michigan.

11.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. This agreement supersedes all other

promises, representations, understandings and agreements between the parties

concerning the subject matter of this plea agreement that were made at any time

before the guilty plea is entered in court. Thus, no oral or written promises made by

the government to defendant or to the attorney for the defendant at any time before

defendant pleads guilty are binding except to the extent they have been explicitly

incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a

proffer agreement in writing or a cooperation agreement in writing with the

government, this plea agreement does not supersede or abrogate the terms of any

such prior written agreement.

This agreement also does not prevent any civil or administrative actions

against defendant, or any forfeiture claim against any property, by the United States

or any other party.

10

12. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on April 11, 2014.  The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

BARBARA L. McQUADE
United States Attorney


_____
David M. Gardey
Assistant United States Attorney
Chief, Drug Task Force Unit

Date: 04-02-2014

_____
Julie A. Beck / Rita E. Foley
Assistant United States Attorneys



By signing below, defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms. Defendant also
acknowledges that he satisfied with his attorney's advice and representation.
Defendant agrees that he has had a full and complete opportunity to confer with his
lawyer, and has had all of his questions answered by his lawyer.


_____
Stephen T. Rabaut, Esq.

Date: 5-6-14

_____
Defendant MARK JOUETT APSEY

11

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.   **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2E1.2(a)(2), 2S1.1 | Interstate Travel or Transportation in Aid of Racketeering, Aiding and Abetting - 6 but 2S1.1 greater | 8 |
| 2B1.1(b)(1)(H) | offense level applicable to underlying (money laund.) More than $400,000 but not more than $1,000,000 | 14 |
| 2S1.1(b)(2)(B) | Underlying offense would be money laundering under 18 USC § 1956 | 2 |
| 2S1.1(b)(2)(C) | Defendant knew laundered funds were proceeds of or were intended to promote controlled substance offense | 6 |
| 2S1.1(b)(2)(C) | 2S1.1(a)(2) applies and defendant was in business of laundering funds (+4) and sophisticated means (+2) | 6 |

2.   **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1(a) | organizer/leader/manager/supervisor | 4 |
| 3C1.1 | obstruction or impeding the administration of justice - creating false promissory note submitted to DEA regarding source of funds seized, related to relevant conduct or closely related offense | 2 |
| | | |
| | | |

A-1

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.



42

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

☑

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

# WORKSHEET B (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**

B-1

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

6. **INCREASE IN OFFENSE LEVEL**
    1 unit ⟶ no increase        2 1/2 – 3 units ⟶ add 3 levels
    1 1/2 units ⟶ add 1 level    3 1/2 – 5 units ⟶ add 4 levels
    2 units ⟶ add 2 levels       > 5 levels ⟶ add 5 levels



7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**



8. **COMBINED ADJUSTED OFFENSE LEVEL**

    Enter the sum of the offense levels entered in Items 6 and 7.



| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): March 31, 2009

1. **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**                                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                    **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                    **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 11/03/2009 | | false statement - insurer - misdemeanor MCL 750.389 | 18 mo prob / 365 days jail | | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

| 2 |
|---|

**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

| |
|---|

**4. TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

| 3 |
|---|

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

| II |
|---|

C-3

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

# WORKSHEET D (Guideline Range)

1.  **(COMBINED) ADJUSTED OFFENSE LEVEL**
    Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

    | 42 |

2.  **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

    | -3 |

3.  **TOTAL OFFENSE LEVEL**

    Enter the difference between Items 1 and 2.

    | 39 |

4.  **CRIMINAL HISTORY CATEGORY**

    Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

    | II |

5.  **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
    a.  Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.
    b.  Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6.  **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
    Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

    | 292-365 |

    months

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

7.   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

60

months

D-2

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

# WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

    a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

[X]     1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ]     2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]     3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

[ ]     1. At least 1 year but not more than 5 years (total offense level ≥ 6)

        2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[X]     a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ]     b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        [X] 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        4. The statute of conviction requires a minimum term of supervised release of ___ years.

    c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

    1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

    2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

E-2

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒ 5. Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $25,000 | $250,000 |

E-3

| Defendant: | Mark Jouett Apsey [D-1] | Count: | Five - ITAR, aiding/abetting |
|---|---|---|---|
| Docket No.: | 12-20545 | Statute(s): | 18 USC §§ 1952, 2 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

_____

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev. 07/13